UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

                                        MEMORANDUM AND ORDER
          -against-                     94-CR-0981(JS)

SHI DONG PING,

                        Defendant.
------------------------------------X
APPEARANCES
For the Government: Artie McConnell, Esq.
                    United States Attorney's Office, E.D.N.Y.
                    271 Cadman Plaza East
                    Brooklyn, NY 11201

For the Defendant:  Dong Shi Ping, pro se
                    #50259-053
                    FCI Butner Med
                    Federal Correctional Institution
                    P.O. Box 1000
                    Butner, NC 27509

SEYBERT, District Judge:

          Pending before the Court is Defendant Dong Shi Ping's

("Defendant") second pro se Motion for Reconsideration and

Resentencing pursuant to 18 U.S.C. § 3582, (Second Mot., Docket

Entry 158), and Motion to Appoint Counsel, (Mot. for Counsel,

Docket Entry 165).  For the reasons discussed below, Defendant's

motions are DENIED.

                          BACKGROUND

          Following a jury trial in the Eastern District of New

York, Defendant was found guilty of five charges related to a

series of kidnappings, including violations of 18 U.S.C. §§ 371

and 1203(a).  (See Am. J., Docket Entry 152, at 1.)  During the trial, the Government presented the testimony of twenty-four witnesses, including a co-conspirator and three victims.  See Ping v. United States, No. 08-CV-5295, 2010 WL 3257681, at *1 (E.D.N.Y. Aug. 13, 2010).  Defendant was sentenced on April 4, 1996, during which the Court applied a four-level leadership role enhancement and imposed a life sentence as to all five counts.  (See J., Docket Entry 87; see also Second Mot. at 6-8.)

On April 15, 1996, Defendant collaterally attacked his conviction and sentence pursuant to 28 U.S.C. § 2255, which was dismissed on July 19, 1996.  See Ping, 2010 WL 3257681 at *1.  Defendant then filed an appeal to the Second Circuit, arguing that the Court

> "erred in (1) delivering a supplemental charge and sending the jury back to deliberate after it had sent a note indicating that it had reached a verdict; (2) conducting proceedings in response to a note from the jury while he was without an interpreter; (3) adding a four-point enhancement for his leadership role in the offense; (4) adding points to his offense level based on the number of individual victims; (5) imposing a life sentence for the conspiracy count; and (6) denying his motion to suppress a voice identification and a photographic identification."

See United States v. Yong, 113 F.3d 1230, 1997 WL 265253, at *3 (2d Cir. May 20, 1997).  The Second Circuit affirmed the conviction, rejecting Defendant's arguments, except his claim that the Court erred in imposing a life sentence for the conspiracy count, as that count had a statutory cap of five years.  Id. at

*4.   As to Defendant's contentions regarding his sentencing enhancements, the Second Circuit upheld the leadership role enhancement and multiple count adjustment, stating that "[t]he evidence presented at trial amply supported the court's finding that Shi was an 'organizer or leader of a criminal activity that involved five or more participants.'"   Id. (quoting U.S.S.G. § 3B1.1(a)).

On February 18, 2005 the Court resentenced Defendant to sixty months of incarceration as to the conspiracy count, to run concurrent with his life sentences on the remaining four counts of conviction.  (See Am. J. at 1-2.)  Defendant again appealed to the Second Circuit; the Second Circuit denied his motion on October 22, 2007.  See Ping, 2010 WL 3257681 at *1.

On June 3, 2008, Defendant filed another motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, claiming he received ineffective assistance of counsel during trial and that his right to testify at trial was violated.  (See Mot. to Vacate, Set Aside, or Correct Sentence, Case No. 08-CV-5295, Docket Entry 1, at 5-6.)  Additionally, on November 30, 2009, Defendant filed a motion to reconsider and reduce his sentence pursuant to 18 U.S.C. § 3582, along with a letter asking to have his § 3582 motion consolidated with the aforementioned § 2255 motion.  (See First Mot., Docket Entry 156, at 3-8, see also Nov. 30, 2009 Letter, Case No. 08-CV-5295, Docket Entry 12.)

3

In Defendant's first motion pursuant to § 3582, he claimed that 18 U.S.C. § 3742, 28 U.S.C. 1651(a), 28 U.S.C. §2243, and 28 U.S.C. § 2255(b) all provided the Court the authority to modify his final sentence. (See First Mot. at 1-3; Ping's Reply Br., Case No. 08-CV-5295, Docket Entry 17, at 4-7.) Defendant claimed he was entitled to a reduced sentence because of disparities between his sentence and those of his co-conspirators, as well as other unrelated sentences. (See First Mot. at 3-7.) On August 13, 2010, the Court denied both the § 2255 motion and § 3582 motion. Ping, 2010 WL 3257681, at *5. As to the § 2255 motion, the Court found it untimely, determining that Defendant "ha[d] not alleged efforts that would satisfy the diligence requirement of equitable tolling." Id. at *3. Further, the Court denied the § 3582 motion, finding that none of the aforementioned statutes provided the authority to modify Defendant's sentence. Id. at *3-5. Subsequently, Defendant appealed the Court's denial to the Second Circuit and on June 7, 2011, the Second Circuit denied the appeal, finding that Defendant had "not made a 'substantial showing of the denial of a constitutional right.'" (See Mandate, Case No. 08-CV-5295, Docket Entry 28 (quoting 28 U.S.C. § 2253(c)).)

On April 26, 2017, Defendant, acting pro se, filed this second motion for reconsideration and resentencing pursuant to § 3582 and on July 6, 2018 he filed a Motion to Appoint Counsel.

4

(See Second Mot.; Mot. for Counsel.)  For the following reasons,
both motions are DENIED.

DISCUSSION

## I. Section 3582

In the instant motion, Defendant contends that all
subsections of § 3582(c) provide a basis for this Court to reduce
his sentence.  (See Def.'s Reply Br., Docket Entry 164, at 2.)

As a threshold matter, Defendant again takes issue with
his sentencing enhancements, arguing that the Court erred in
applying the leadership role enhancement as well as the multiple
count adjustment.  (See Second Mot. at 6-9.)  The Second Circuit
has already rejected Defendant's arguments regarding his
sentencing enhancements.  On appeal, the Second Circuit found no
issue with the leadership role enhancement and determined that
"the court committed no error in adopting that multiple count
adjustment."  Yong, 1997 WL 265253, at *4.[1]  Thus, the Court again
rejects these contentions regarding his sentencing enhancements.

Section 3582(c) "provides for modification of a sentence
in only three specific circumstances," and a defendant must "show

---

[1] In the instant § 3582 motion, Defendant also claims that the
Government failed to timely provide a 5K1.1 letter from an individual
named Gao; Defendant characterizes this letter as a basis to attack
his leadership role sentencing enhancement.  (See Second Mot. at 6-7.)
This argument was previously rejected by the Second Circuit on appeal;
the Second Circuit found that "the government did not withhold the
evidence contained in Gao's 5K1.1 letter and [ ] the evidence did not
contradict the conclusion that Shi had a leadership role in the

that his case falls within one of these three types of situations"
to properly proceed under § 3582.  <u>United States v. Maldonado</u>, 138
F. Supp. 2d 328, 331 (E.D.N.Y. 2001).

"First, a sentence may be modified when such a
modification is permitted by Rule 35 of the Federal Rules of
Criminal Procedure or other statute."  <u>United States v. Angelo</u>,
No. 02-CR-0743, 2011 WL 5855402, at *2 (E.D.N.Y. Nov. 18, 2011)
(internal quotation marks and citations omitted); <u>see also</u> 18
U.S.C. § 3582(c)(1)(B).

"Second, [a sentence] may be modified when there has
been an amendment to a relevant provision of the Sentencing
Guidelines."  <u>Angelo</u>, 2011 WL 5855402, at *2 (citing 18 U.S.C.
§ 3582(c)(2)).  The Supreme Court has explained that § 3582(c)(2)
does not establish resentencing proceedings, but "[i]nstead [ ]
provides for the modif[ication of] a term of imprisonment by giving
courts the power to reduce an otherwise final sentence in
circumstances specified by the [Sentencing] Commission."  <u>Dillon
v. United States</u>, 560 U.S. 817, 825, 130 S. Ct. 2683, 2690, 177 L.
Ed. 2d 271 (2010) (internal quotations marks and citations
omitted).  Accordingly, when considering motions for
reconsideration and reduction of sentences pursuant to
§ 3582(c)(2), courts first determine whether the defendant is

---

kidnappings."  <u>Yong</u>, 1997 WL 265253, at *4.  As such, the Court
rejects this argument.

eligible for sentence reduction under the limited provisions of § 3582(c). See United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010). "If, and only if," a defendant satisfies one of the § 3582 provisions, courts then consider whether a reduction "'is warranted in whole or in part under the particular circumstances of the case.'" Id. (quoting Dillon, 560 U.S. at 827, 130 S. Ct. at 2692.) Thus, as "Section 3582(c)(2) authorizes only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding, the sentencing court is not free to address . . . arguments regarding [other] errors at [the defendant's] original, now-final sentencing." United States v. Flamenco, No. 07-CR-0327, 2015 WL 5944187, at *1 (E.D.N.Y. Oct. 13, 2015) (internal quotation marks and citations omitted; third and fourth alteration in original).

"Third, a sentence may be modified upon motion of the Director of the Bureau of Prisons, if the court finds that 'extraordinary and compelling reasons warrant such a reduction,' and the reduction is consistent with applicable policy statements issued by the Sentencing Commission." Angelo, 2011 WL 5855402, at *2 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Ultimately, Defendant cannot demonstrate that any section of 18 U.S.C. § 3582 provides the Court the requisite authority to reduce his sentence. First, Defendant fails to point to any statute or portion of Rule 35 of the Federal Rules of

Criminal Procedure that provides authority to modify his sentence. See 18 U.S.C. § 3582(c)(1)(B). Second, Defendant fails to reference any applicable amendments to the Sentencing Guidelines that would alter his sentence. See 18 U.S.C. § 3582(c)(2). Third, the Director of the Bureau of Prisons has made no motion that could support a sentence modification under either portion of § 3582(c)(1)(A), a requirement for a modified sentence due to "extraordinary and compelling reasons." See 18 U.S.C. § 3582(c)(1)(A)(i); United States v. George, No. 10-CR-0632, 2016 WL 843282, at *3 (E.D.N.Y. Mar. 1, 2016).

The Court notes that Defendant asks the Court to keep in mind the advisory nature of the Sentencing Guidelines, to take into consideration his deteriorating health, his good behavior while incarcerated, and his acknowledgement of responsibility when reconsidering his sentence. (See Second Mot. at 2, 16.) The Court commends Defendant's efforts to take responsibility for his criminal conduct and the personal improvements he has made while serving his sentence and the Court acknowledges his health problems while incarcerated. However, Defendant still fails to demonstrate that he is entitled to relief under the provisions of § 3582.

II. Appointment of Counsel

The Court has broad discretion in determining whether appointment of counsel is appropriate. The threshold question is "whether the litigant is able to afford or otherwise obtain

counsel." <u>Terminate Control Corp. v. Horowitz</u>, 28 F.3d 1335, 1341 (2d Cir. 1994). Once the Court determines that the litigant cannot afford or otherwise obtain counsel, the only constraint on a court's determination to appoint counsel is that "it be 'guided by sound legal principle.'" <u>Cooper v. A. Sargenti Co., Inc.</u>, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting <u>Jenkins v. Chemical Bank</u>, 721 F.2d 876, 879 (2d Cir. 1983)). Though Defendant may satisfy the threshold inquiry, the Court finds that appointment of counsel is not necessary. As set forth above, Defendant is unable to provide any basis for relief under § 3582, and the Court declines to appoint counsel at this time. <u>See</u> <u>United States v. Campbell</u>, No. 03-CR-0537, 2008 WL 1957773, at *1 (E.D.N.Y. May 5, 2008); <u>Mock v. United States</u>, 632 F. Supp. 2d 323, 326 n. 1 (S.D.N.Y. 2009).

CONCLUSION

For the foregoing reasons, Defendant's Second Motion for Reconsideration and Resentencing (Docket Entry 158) and his Motion to Appoint Counsel (Docket Entry 165) are DENIED. The Clerk of the Court is directed to mail the Defendant a copy of this Memorandum and Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    January   7  , 2019
          Central Islip, New York